MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
BENJAMIN MEDINA CRUZ, and JOSE
ARRIAGA GALINDO, *individually and on
behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiffs*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| BAGEL BOSS OF MURRAY HILL INC. (d/b/a BAGEL BOSS), RANDY ROSNER, and DONALD ROSNER, | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiffs Benjamin Medina Cruz and Jose Arriaga Galindo, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Bagel Boss of Murray Hill Inc. (d/b/a Bagel Boss) ("Defendant Corporation"), Randy Rosner, and Donald Rosner (collectively "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of defendants Bagel Boss of Murray Hill Inc., Randy Rosner, and Donald Rosner (collectively "Defendants").

2.      Defendants own, operate, or control a bagel shop located at 544 3rd Avenue, New York, New York 10016 under the name Bagel Boss.

3.      Upon information and belief, individual defendants Randy Rosner and Donald Rosner serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the bagel shop as a joint or unified enterprise.

4.      Plaintiffs were employed as delivery workers.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours a week, without appropriate minimum wage and overtime compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiffs the minimum wage and for any hours worked over 40 at the required overtime premium.

7.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and overtime wage orders of the New York

- 2 -

Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6, including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a bagel shop located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

13. Plaintiff Benjamin Medina Cruz ("Plaintiff Medina" or "Mr. Medina") is an adult individual residing in Bronx County, New York.  Plaintiff Medina was employed by Defendants from approximately January 2016 until on or about August 2016.

14. Plaintiff Jose Arriaga Galindo ("Plaintiff Arriaga" or "Mr. Arriaga") is an adult individual residing in Bronx County, New York. Plaintiff Arriaga was employed by Defendants from approximately November 2015 until on or about April 2016 and from approximately August 2016 until on or about September 23, 2016.

*Defendants*

15.     At all relevant times, Defendants owned, operated, or controlled a bagel shop located at 544 3rd Avenue, New York, New York 10016 under the name "Bagel Boss."

16.     Upon information and belief, Bagel Boss of Murray Hill Inc. (Defendant Corporation) is a domestic corporation organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its principal place of business at 544 3rd Avenue, New York, New York 10016.

17.     Defendant Randy Rosner is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Randy Rosner is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation.  Defendant Randy Rosner possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.  He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

18.     Defendant Donald Rosner is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Donald Rosner is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation.  Defendant Donald Rosner possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.  He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

19.     Defendants operate a bagel shop located in the Midtown section of Manhattan in New York City.

20.     The individual defendants, Randy Rosner and Donald Rosner possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

21.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

22.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

23.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

24.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

25.     Upon information and belief, individual defendants Randy Rosner and Donald Rosner operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

    b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c.  transferring assets and debts freely as between all Defendants,

    d.  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e.  operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

    f.  intermingling assets and debts of their own with Defendant Corporation,

    g.  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h.  other actions evincing a failure to adhere to the corporate form.

26.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

27.    In each year from 2015 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

- 6 -

28.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the bagel shop on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

29.     The Plaintiffs are former employees of the Defendants who were employed as delivery workers.

30.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Benjamin Medina Cruz*

31.     Plaintiff Medina was employed by Defendants from approximately January 2016 until on or about August 2016.

32.     Defendants employed Plaintiff Medina as a delivery worker.

33.     Plaintiff Medina regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

34.     Plaintiff Medina's work duties required neither discretion nor independent judgment.

35.     Throughout his employment with Defendants, Plaintiff Medina regularly worked in excess of 40 hours per week.

36.     From approximately January 2016 until on or about August 2016, Plaintiff Medina worked from approximately 6:00 a.m. until on or about 2:00 p.m. or 2:30 p.m. Mondays through Thursdays and from approximately 7:00 a.m. until on or about 3:00 p.m. Saturdays and Sundays (typically 49 hours per week).

37.     Throughout his employment with defendants, Plaintiff Medina was paid his wages in cash.

38.     From approximately January 2016 until on or about August 2016, defendants paid Plaintiff Medina $8 per hour.

39.     Plaintiff Medina was never notified by Defendants that his tips were being included as an offset for wages.

40.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Medina's wages.

41.     In addition, Defendants charged customers $2 for deliveries and this reduced the amount of tips Plaintiff Medina received.

42.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Medina regarding overtime wages under the FLSA and NYLL.

43.     Defendants never gave any notice to Plaintiff Medina, in English and in Spanish (Plaintiff Medina's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

44.     Defendants required Plaintiff Medina to purchase "tools of the trade" with his own funds—including one bicycle, bicycle lights, and a bicycle lock and chain.

*Plaintiff Jose Arriaga Galindo*

45.      Plaintiff Arriaga was employed by Defendants from approximately November 2015 until on or about April 2016 and from approximately August 2016 until on or about September 23, 2016.

46.     Defendants employed Plaintiff Arriaga as a delivery worker.

- 8 -

47.     Plaintiff Arriaga regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

48.     Plaintiff Arriaga's work duties required neither discretion nor independent judgment.

49.     Throughout his employment with Defendants, Plaintiff Arriaga regularly worked in excess of 40 hours per week.

50.     From approximately November 2015 until on or about April 2016, Plaintiff Arriaga worked from approximately 7:00 a.m. until on or about 3:00 p.m. three days per week, from approximately 7:00 a.m. until on or about 4:00 p.m. two days per week and from approximately 6:00 a.m. until on or about 2:00 p.m. one day per week. In addition, Plaintiff Arriaga was required to work Wednesdays from approximately 6:00 a.m. until on or about 10:00 a.m. or 11:00 a.m. twice each month (typically 50 to 54.5 hours per week).

51.     From approximately August 2016 until on or about September 23, 2016 Plaintiff Arriaga worked from approximately 7:00 a.m. until on or about 1:00 p.m. three days per week, from approximately 7:00 a.m. until on or about 2:00 p.m. two days per week, and from approximately 7:00 a.m. until on or about 3:00 p.m. one day per week (typically 40 hours per week).

52.     Throughout his employment with Defendants, Plaintiff Arriaga was paid his wages in cash.

53.     From approximately November 2015 until on or about April 2016 and from approximately August 2016 until on or about September 23, 2016, Defendants paid Plaintiff Arriaga $8 per hour.

54.     However, Plaintiff Arriaga was not paid for his final 88 hours of work.

55.     Plaintiff Arriaga was never notified by Defendants that his tips were being included as an offset for wages.

56.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Arriaga's wages.

57.     In addition, Defendants charged customers $2 for deliveries and this reduced the amount of tips Plaintiff Arriaga received.

58.     Defendants never provided Plaintiff Arriaga with a statement of wages with each payment of wages, as required by NYLL 195(3).

59.     No notifications, either in the form of posted notices or other means, were given to Plaintiff Arriaga regarding overtime and wages under the FLSA and NYLL.

60.     Defendants never gave any notice to Plaintiff Arriaga, in English and in Spanish (Plaintiff Arriaga's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61.     Defendants required Plaintiff Arriaga to purchase "tools of the trade" with his own funds—including a bicycle, a vest, and a helmet.

*Defendants' General Employment Practices*

62.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate overtime pay as required by federal and state laws.

63.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

- 10 -

64.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

65.     At no time did Defendants inform Plaintiffs that they had reduced their hourly wage by a tip allowance.

66.     Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

67.     Defendants failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

68.     All Plaintiffs were paid their wages entirely in cash.

69.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

70.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

71.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

72.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

73.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

74.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

75.     Plaintiffs bring their FLSA minimum wage, overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

76.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

77.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

78.    The claims of Plaintiffs stated herein are similar to those of the other employees.


### FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

79.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

80.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

81.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

82.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

83.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

84.     Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

85.     Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

86.     Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

87.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

88.     Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

89.     Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

90.     Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

91.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

- 14 -

92.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

93.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

94.     Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

95.     Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

96.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

97.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

99.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the

regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

101.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

102.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

103.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

104.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

105.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

106.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform

their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL. 29

U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

107.    Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against

Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of

notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the

pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the

FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective

collective class members);

(c)     Declaring that Defendants violated the overtime wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective

collective class members);

(d)     Declaring that Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective

collective class members') compensation, hours, wages, and any deductions or credits taken

against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful

as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages

for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs;

(l)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages under the NYLL, as applicable;

(m)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL §

198(3);

      (o)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

      (p)     Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

      (q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

      (r)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

      Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
      October 23, 2016

                              MICHAEL FAILLACE & ASSOCIATES, P.C.

                  By:    /s/ Michael Faillace _____
                              Michael A. Faillace
                              60 East 42nd Street, Suite 2540
                              New York, New York 10165
                              Telephone: (212) 317-1200
                              Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

October 12, 2016

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Benjamin Medina Cruz

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     12 de octubre de 2016

_Certified as a minority-owned business in the State of New York_

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165
_____

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 12, 2016

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Jose Arriaga Galindo

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                               12 de octubre de 2016

*Certified as a minority-owned business in the State of New York*